1997 OK CIV APP 87

**Cartelyou EDWARDS,**
**Plaintiff/Appellant,**

v.

**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Harold Merchant, and Oklahoma Merit Commission, Defendants/Appellees.**

**No. 87555.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 9, 1997.

Lewis Barber, Jr., Oklahoma City, for Plaintiff/Appellant.

Cara S. Nicklas, Oklahoma Employment Security Commission, Oklahoma City, for Defendants/Appellants, Oklahoma Employment Security Commission and Harold Merchant.

## OPINION

BUETTNER, Judge:

¶1  Cartelyou Edwards (Edwards) filed a complaint with the Merit Protection Commission (MPC) alleging that his employer, the Oklahoma Employment Security Commission (OESC), and a supervisor, Harold Merchant, discriminated against him on the basis of

race by promoting a different employee to the position he sought. After an adversary hearing, MPC found that OESC did not unlawfully discriminate against Edwards, but found that the promotion process was otherwise flawed and directed OESC to start the process anew. Edwards then filed an application for attorney fees pursuant to 74 O.S. 1991 § 840–6.8 [1]. The application was denied and Edwards appealed that decision to the district court. That court dismissed the appeal on the ground that it was untimely filed. Edwards appealed that decision and secured a reversal from Division 4 of the Court of Appeals which remanded the case "for further proceedings."

¶2 On remand, the district court issued an order, sent to all parties, which stated:

This matter is before the Court on Remand from the Court of Appeals and the Court unable to find a transcript of the proceedings in the administrative [record] states [and] orders as follows:

It is ORDERED that a transcript of Administrative Proceedings be delivered to this Court by March 10, 1996.

It is further ORDERED that the parties submit their briefs to the undersigned Judge by April 1, 1996.

Done this 6th day of February, 1996.

The order to deliver a transcript is not directed to any particular party.

¶3 OESC and Merchant timely filed their brief.[2] Edwards filed a motion for extension of time, asking for twenty days after the delivery of the transcript, which had not been delivered by April 1, 1996. The court granted this motion. Edwards also filed a motion and brief asserting that OESC was responsible for procuring the transcript and delivering it to the court. OESC responded and denied it was the agency responsible for obtaining the transcript. The Attorney General, on behalf of MPC, also filed a response contending it did not have responsibility for providing the transcript to the court. After these responses, the district court entered an order affirming the decision of the Merit Protection Commission which had denied Edwards' application for attorney fees.

¶4 On appeal, Edwards contends that the district court failed to follow the mandate of Division 4 which remanded the case "for further proceedings." Specifically, he states that, despite its earlier order, the district court made its decision without benefit of the transcript and without receiving his brief.

¶5 The combination of an ambiguous order regarding who should provide a transcript, and consideration of the matter before Edward's brief was due, resulted in a denial of due process of law to Edwards. Okla. Const. Art. 2, § 7. For that reason, we reverse the district court's order and remand the case to the district court with directions to consider whether to order a party to procure the transcript and, if so, which party, and to set a deadline for Edwards to file his brief.[3]

¶6 The Merit Protection Commission is a state agency authorized by law to receive and act on complaints of violations of the Oklahoma Personnel Act. 74 O.S.1991 § 840–1.1 et seq. As part of its duties, it investigates complaints and conducts adversary proceedings. Hearings are conducted in accordance with the Administrative Procedures Act. 74 O.S.1991 § 840–6.7(B). Most cases involve an employee of a state agency versus the employing state agency.

¶7 The Oklahoma Administrative Procedures Act, 75 O.S.1991 § 320, states that within 30 days after service of a petition for review "the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review." The agency charged with transmitting the administrative record to the reviewing court pursuant to 75 O.S.1991 § 320 is the agency which conducted the proceeding, not an agency which is a party to the proceeding.

¶8 Consequently, in the case at bar, the Merit Protection Commission is charged with

---

1. Renumbered from 74 O.S. § 841.15A in 1994. The 1995 amendment to this statute does not affect this appeal.

2. MPC, as a nominal party, had previously filed its disclaimer of interest.

3. OESC's argument that the record had already been transmitted to the district court is inapposite to the question at hand—who was required to procure the transcript.

forwarding the record to the reviewing court. However, the question remains as to who is responsible for furnishing transcripts of the proceedings. MPC is directed, pursuant to 74 O.S.Supp.1992 § 840-1.9(8), to:

Prepare and preserve an audio tape of all proceedings of all hearings conducted by the Commission and furnish transcripts of such tapes upon payment of the costs of such transcripts by the party requesting the transcripts.

¶ 9 MPC's enabling legislation also provides that it will bear the costs of transcription of the record if a party establishes indigency. 74 O.S.1991 § 840-1.21. Thus, while MPC is obligated to transmit the administrative record to the reviewing court, the record will consist of the audio tapes unless one of the parties requests and pays for a transcript.

¶ 10 The APA also authorizes oral proceedings to be electronically recorded. It further provides:

Costs of transcription of the recordings shall be borne by the party requesting the transcription. For judicial review, electronic recordings of an individual proceeding, as certified by the agency, may be submitted to the reviewing court by the agency as part of the record of the proceedings under review without transcription unless otherwise required to be transcribed by the reviewing court. In such case, the expense of transcriptions shall be taxed and assessed against the nonprevailing party.

75 O.S.1991 § 309(G).

¶ 11 Thus, a reviewing court is authorized to direct one of the parties to provide a transcript at its cost with the final decision as to responsibility for the transcription cost to await taxation of costs at the conclusion of the case.

¶ 12 The error in this case is that the district court did not specify which party was required to procure the transcript, the parties could not agree, and when the transcript was not filed, the court proceeded to affirm the MPC decision at a time when Edwards had not yet filed his brief.

¶ 13 Because of this we reverse the district court's order affirming the MPC order.

The district court is directed to reconsider its order to determine whether a transcript is necessary and, if so, who should be directed to procure and file the transcript. The court should also set a deadline for the filing of Edwards' brief. The court may then proceed to consider the issue of attorneys fees tendered by the parties.

¶ 14 REVERSED AND REMANDED WITH DIRECTIONS.

HANSEN, P.J., and JOPLIN, J., concur.